Opinion issued February 9, 2006



     











In The
Court of Appeals
For The
First District of Texas




NOS. 01–05–00392–CR
01–05–00393–CR




JOSHUA DEON MOORE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause Nos. 966289 and 966290




MEMORANDUM OPINION

          Joshua Deon Moore, appellant, was charged with two counts of aggravated
assault. Tex. Pen. Code Ann. § 22.02 (Vernon Supp. 2005). Appellant pleaded not
guilty. The jury found appellant guilty on both counts and assessed punishment at
eight years for one count and eleven years on the other count.
          In four points of error, appellant argues that the evidence was legally and
factually insufficient to rebut his claims of self-defense and defense of a third person.
          We affirm.
Background
           The events leading up to appellant’s conviction started with a loan of $20. At
the time of the incident, appellant was living in an apartment with Rachel Williams,
his common-law wife. Appellant was friends with his neighbors, Adrian and
Laquatial Hammonds. On the night of the incident, appellant and his brother,
Terrance Davis, decided to go to a club with Adrian’s brother, Leon Hammonds. 
Leon did not have any cash with him, so appellant and Davis agreed to pay for Leon’s
entrance into the club and to buy some drinks for Leon. While at the club, Leon
wanted to do some gambling. He asked Davis to loan him $5. Davis only had a 20
dollar bill. He gave it to Leon, telling him to bring back change. Instead, Davis
gambled and lost the entire $20. This left the three with no money to spend on drinks,
and they soon decided to leave.
          Appellant and Davis were agitated that Leon had lost all of their spending
money. Leon agreed to obtain money from an automatic teller machine but was not
able to do so. By the time they all got back to the apartment complex, appellant and
Davis were even more agitated with Leon, and threatened to beat him up. Tempers
escalated and appellant and Leon exchanged some punches.
          Leon knocked on Adrian and Laquatial’s door and window, and eventually
Adrian came to the door. A few more punches were exchanged between appellant
and Leon, then Leon went inside and fell asleep. Adrian and Laquatial remained
outside, arguing with each other on the porch of the apartment.
          At this point, appellant realized he could not find his keys and his girlfriend
was not home to let him inside his apartment. Adrian got Leon’s car keys and helped
appellant search Leon’s car and the surrounding area, but they could not find
appellant’s keys. Finally, appellant broke a window pane with his fist to get inside
the apartment. Appellant sustained cuts from punching the window pane, and began
to bleed.
          A little later, appellant went over to Adrian and Laquatial, and appellant and
Adrian began arguing with each other. The argument escalated into a fight with
appellant and Davis fighting Adrian. Laquatial went into the apartment and woke up
Leon and told him what was happening. Leon came out, attempting to stop the fight
but eventually joining the fight himself.
          All the parties agreed that at some point during the course of events, Laquatial
brought out a knife. Leon, Adrian, and Laquatial testified that she brought it out
when Leon had initially fought with appellant and his brother and that Leon and
Adrian told her to take it back inside, which she did. Davis testified that Laquatial
brought it out toward the end, that they cut appellant’s hand with it, and that they
were trying to cut him with it too. During his custodial interrogation, appellant told
police that multiple knives and box cutters were involved. A witness living across
the street from where the events occurred said he thought he saw a reflection of light
off of something metallic that he thought was a knife, but he was not sure.
          While the four men were fighting, appellant ran into his apartment, grabbed a
rifle, came back outside, shot Adrian in the leg, and shot Leon in the groin. Laquatial
ran up to Adrian, trying to see how badly he had been hurt. Appellant walked up to
Laquatial and pointed the gun at her head. Either appellant had not reloaded the rifle
or the gun jammed, but Laquatial was not harmed.
          Appellant and Davis then fled the area. They went to the hospital to have
appellant’s hand treated. Despite different attempts, the police were not able to locate
appellant until a year later.
Legal and Factual Sufficiency
          In four points of error, appellant argues that the evidence was legally and
factually insufficient to rebut his claims of self-defense and defense of a third person.
A.     Standard of Review
          When a defendant challenges the legal sufficiency of the evidence supporting
a fact finder’s rejection of a defense such as self-defense, we look not to whether the
State presented evidence that refuted appellant’s self-defense testimony, but instead
we determine whether, after viewing all the evidence in the light most favorable to
the prosecution, any rational trier of fact would have found the essential elements of
the charged offense beyond a reasonable doubt and also would have found against
appellant on the self-defense issue beyond a reasonable doubt. Saxton v. State, 804
S.W.2d 910, 914 (Tex. Crim. App. 1991).
          When a defendant challenges the factual sufficiency of the evidence supporting
a fact finder’s rejection of a defense, we review all of the evidence in a neutral light
and ask whether the State’s evidence taken alone is too weak to support the finding
and whether the proof of guilt, although adequate if taken alone, is against the great
weight and preponderance of the evidence. Zuliani v. State, 97 S.W.3d 589, 595
(Tex. Crim. App. 2003). In conducting a factual sufficiency review, we must discuss
the evidence that appellant contends most undermines the jury’s verdict. See Sims v.
State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). Unless the available record
clearly reveals that a different result is appropriate, we must defer to the jury’s
determination of what weight to give conflicting testimony because the resolution of
facts often turns on evaluation of credibility and demeanor. See Johnson v. State, 23
S.W.3d 1, 8 (Tex. Crim. App. 2000).
B.      Analysis
          A person commits assault if he intentionally, knowingly, or recklessly causes
bodily injury to another. Tex. Pen. Code Ann. § 22.01 (Vernon Supp. 2005). A
person commits aggravated assault if he uses or exhibits a deadly weapon while
committing an assault. Tex. Pen. Code Ann. § 22.02 (a)(2).
          “A person is justified in using force against another when and to the degree he
reasonably believes the force is immediately necessary to protect himself against the
other’s use or attempted use of unlawful force.” Tex. Pen. Code Ann. § 9.31
(Vernon 2003). A person is justified in using deadly force against another (1) if he
would be justified in using force according to section 9.31 of the Texas Penal Code;
(2) if a reasonable person in the actor’s shoes would not have retreated; and (3) when
and to the degree he reasonably believes the deadly force is immediately necessary
to protect himself against the other’s use or attempted use of unlawful deadly force. 
Tex. Pen. Code Ann. § 9.32 (Vernon 2003). Deadly force is defined as “force that
is intended or known by the actor to cause, or in the manner of its use or intended use
is capable of causing death or serious bodily harm.” Tex. Pen. Code Ann. § 9.01
(Vernon 2003).
          A person is justified in using force or deadly force against another to protect
a third person if (1) under the circumstance as the actor reasonably believes them to
be, the actor would be justified in using force under sections 9.31 or 9.32 of the Texas
Penal Code to protect himself against the unlawful force or unlawful deadly force he
reasonably believes to be threatening the third person he seeks to protect; and (2) the
actor reasonably believes that his intervention is immediately necessary to protect the
third person. Tex. Pen. Code Ann. § 9.33 (Vernon 2003).
          In this case, it was uncontroverted that appellant used a rifle to shoot Adrian
and Leon. A rifle is a deadly weapon. Tex. Pen. Code Ann. § 1.07(a)(17)(A)
(Vernon Supp. 2005). By using the rifle, appellant used deadly force. Therefore, the
State met its burden of establishing the elements of aggravated assault. The jury,
then, was left to determine whether Adrian, Leon, or Laquatial used unlawful deadly
force; whether appellant was reasonable in deciding that his use of deadly force was
immediately necessary to protect against Adrian’s, Leon’s, or Laquatial’s use of
unlawful deadly force; whether a reasonable person would have retreated; and
whether these same elements would have applied to an attempt by appellant to defend
Davis.

          1.       Self-Defense
          It was uncontroverted that, during the fight, appellant retreated into his
apartment to get the rifle, and then came back out. A claim of self-defense requires
a showing that a reasonable person in appellant’s situation would not have retreated. 
Tex. Pen. Code Ann. § 9.32(a)(2). Appellant retreated, unpursued, into his
apartment and then came back out. We therefore hold that the evidence was legally
and factually sufficient to support the jury’s finding negating appellant’s claim of
self-defense.
          2.       Defense of Third Person
          The facts that apply to the elements that were left for the jury to decide were
conflicting. The most important evidence concerned when the knife was brought out
and if it was actually used. Without the knife, there was no evidence to suggest that
Adrian, Leon, or Laquatial were attempting to use deadly force, and appellant’s use
of deadly force to defend Davis would have been unreasonable.
                    a.       Legal Sufficiency
          The jury could have found against appellant on the defense of a third person
issue beyond a reasonable doubt. Viewing all the evidence in the light most favorable
to the prosecution, the facts were that Laquatial brought out the knife briefly during
the early portion of the confrontation, that she also took it back inside immediately,
and that the knife was never used to threaten Davis. Leon and Adrian were not overly
aggressive in fighting appellant and Davis. From this, the jury could have reasonably
concluded that appellant’s use of deadly force was unreasonable. We hold that the
evidence was legally sufficient to allow a jury to find against a claim of defense of
a third person.
                    b.       Factual Sufficiency
          Considering the evidence reviewed in the legal sufficiency point of error, we
hold that the State’s evidence, standing alone, was factually sufficient to support a
finding of guilt. The remaining question, therefore, is whether the proof of guilt is
against the great weight and preponderance of the evidence. Zuliani, 97 S.W.3d at
595.
          Adrian, Leon, and Laquatial each testified that the knife was brought out only
briefly, and was not used to threaten Davis. Appellant stated in his custodial
confession that when he came out with the rifle, “many people” held knives and box
cutters and were advancing threateningly on Davis. Davis testified that only one
knife was used, but that Adrian, Leon, and Laquatial were trying to cut him with it. 
A witness across the street testified that he thought Adrian and Leon were the
aggressors and that he thought he saw a knife being used. However, the witness said
that he was not sure it was a knife, and he could have seen the reflection of light from
something else, like a watch.
          There was considerable variation about when and how the knife was used. The
resolution of this conflict required a determination of credibility of the witnesses by
the jury. We are bound to defer to the jury’s determination of credibility. Johnson,
23 S.W.3d at 8. None of the testimony contradicting Adrian’s, Leon’s, and
Laquatial’s testimony was conclusive enough to render the jury’s determination of
guilt against the great weight and preponderance of the evidence. We hold that the
evidence was factually sufficient to allow a jury to find against a claim of defense of
a third person.
          We overrule appellant’s four points of error.
Conclusion
          We affirm the judgments of the trial court.
 
                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Taft, Higley, and Bland.

Do not publish. See Tex. R. App. P. 47.2(b).